JORGE LUIS PORRAS, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 1093.    Submitted November 3, 1941.—Decided December 11, 1941.

594

*Arturo O'Neill* for appellant. The respondent registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Gabriel Palerm and his wife executed a mortgage upon an urban property belonging to them to secure a promissory note payable to bearer for $10,000. After the mortgagors had defaulted in the payment of the interest agreed upon, Demetrio Latoni, holder of the note, foreclosed the mortgage and was adjudicated the mortgaged property for $2,000. Having already become the owner of the property by virtue of said adjudication, Latoni sold it to José Gutiérrez Sosa who, in his turn, sold it to Jorge Luis Porras, appellant herein.

On June 19, 1941, Jorge Luis Porras applied to the Registrar of Property of San Juan (First Section) for the cancellation of the mortgage on the ground of merger of the rights of creditor and debtor, and requested that said cancellation be entered on the margin of the record of the mortgage.

The cancellation sought was denied by the registrar in a decision appealed from herein and which reads as follows:

"Cancellation is denied because it has not been shown that the mortgage promissory note has been canceled (*inutilizado*) or that the proper abatement has been made to appear thereon, and in lieu thereof a cautionary notice has been entered for 120 days for all legal purposes on folio 36, volume 65 of Santurce, property No. 1069, 6th inscription, by means of a marginal note."

The appellant maintains that in a marshal's deed it is not necessary to record the fact of the cancellation of the promissory note that gave rise to the foreclosure, and that the only requisite is to set down the amount paid by the purchaser for the property judicially sold, and in case of the property being awarded to the mortgagee, the amount for which the same is awarded; that where the award is made for a sum below the amount of the promissory note it is impossible to record the fact, as maintained by the registrar, that the note has been destroyed, as it is not reasonable to require the holder of the note to destroy the same, because by so doing he would destroy the evidence of a credit in his favor for the unpaid balance; that there is no legal provision to the effect "that for the cancellation of a mortgage constituted to secure a promissory note payable to bearer it would be sufficient to state therein the amount for which the estate has been awarded"; that the decision appealed from violates the provisions of the second paragraph of Section 82 and Section 79 (4) of the Mortgage Law, as the same were amended respectively in 1923 (Act No. 22, Session Laws, p. 218) and in 1936 (Act No. 18, Session Laws (2) p. 144); that the doctrine that where a mortgaged property is conveyed, either by private sale or at public auction, to the mortgagee, the mortgage is extinguished *ipso facto* was recognized by the Spanish decisions before the enactment of our Mortgage Law; that in order to cancel the record of a mortgage constituted upon an estate that has become the property of the mortgagee himself it should be sufficient to produce the deed of sale executed in his favor, without the necessity of getting the consent of the party or parties interested in said record; that where a property is awarded to a mortgagee the only proper procedure is to record the ownership thereof in the name of the grantee, and such record carries with it necessarily the extinction of the mortgage by merger, that is, by operation of law, although it is advisable,

for the sake of clearness in the registry, to enter on the margin of the mortgage. record the fact that the mortgage has been extinguished, with a reference to the record of the award; and that all these principles and rules are likewise applicable where there are involved mortgage credits constituted in favor of holders of obligations payable to bearer or transferable by indorsement.

The respondent registrar admits the right of the respondent to the cancellation of the record of the foreclosed mortgage but insists that the exercise of such right is conditioned upon the compliance with the provisions of Section 82 of the Mortgage Law, as amended in 1923 (Session Laws, p. 218), which prescribes as follows:

"Records made to secure sums represented by negotiable paper, to bearer or by endorsement, shall be canceled upon presentation of an instrument executed by the persons who may have collected the credits, which instrument must set forth that the negotiable paper to bearer or by endorsement was canceled at the time of its execution. If all or any of such papers shall have been lost, such records may be canceled only by court order showing that final judgment has been rendered and obtained through regular procedure under the Code of Civil Procedure, holding that such obligations have been extinguished."

The determination of the present appeal really depends upon the construction to be given by us to the statute just transcribed.

The language of the statute is clear and does not leave in our minds any doubt as to the correctness of the decision appealed from. Once the record is entered in the registry of a mortgage executed to secure a promissory note transferable by indorsement or to bearer, the registrar may cancel said record only if the following requisites are complied with: (a) presentation of an instrument executed by the person who has collected the credit, and (b) it must be stated in the instrument that upon execution thereof the negotiable paper to bearer or by indorsement was marked as canceled. The

statute makes no distinction between the collection of a credit by the voluntary act of the parties and the collection by judicial action. And inasmuch as where the law does not distinguish we can not distinguish either, we must conclude that both in the deed of cancellation executed by a mortgagee in favor of the mortgagor, upon receipt from the latter of the amount of the negotiable note, and in the deed of judicial sale or adjudication executed by the marshal in favor of the mortgagee in settlement of the whole or part of the amount due, there must be set forth that the instrument embodying the obligation and secured by mortgage has been invalidated (*inutilizado*). The clear purpose of the lawmaker has been the protection of those persons to whom the note might have been either indorsed or delivered subsequent to the satisfaction or cancellation of the mortgage securing the same.

This question is not new in this jurisdiction. In *Hernández* v. *Registrar,* 44 P.R.R. 438, 439, a district court ordered the registrar to cancel the record of a mortgage that had been foreclosed. The registrar refused to make the cancellation on the ground that the order of the court failed to show that the negotiable instrument secured by the mortgage had been canceled in accordance with the provisions of Section 82 of the Mortgage Law, *supra.* This court affirmed the decision of the registrar, saying:

".... The meaning of that article as more clearly appears from the Spanish text is that the negotiable instrument itself, if not lost must be marked or stamped as canceled or otherwise visibly invalidated (*inutilizado*). What the district judge said in his order was in substance that 'whereas' the mortgage lien had been canceled by foreclosure, 'therefore' the promissory note secured by the said lien had also been canceled and had become worthless. This does not necessarily mean that the fact of cancellation had been made to appear by any statement in writing on the promissory note itself, or that the note itself had been in any other manner visibly 'canceled' or invalidated.

"The registrar in refusing to obey the order of the court did not attempt to review any finding made by the court nor any ques-

tion of law determined by it. The order did not show either that the promissory note had been lost or destroyed or that it had been canceled in the manner required by article 82 of the Mortgage Law. What the registrar did was to challenge the authority of the district judge to order a cancellation by reason of the facts set forth in the order as the grounds upon which it was based. If the order meant that the promissory note itself had been in fact 'canceled' or invalidated in the manner contemplated by article 82 of the Mortgage Law it should have contained a recital in plain language to that effect. The registrar was right in refusing to assume that the statutory requirement had been met.''

The appellant is unquestionably entitled to have the mortgage canceled. But it is the registrar's duty to require evidence that the negotiable instrument had been invalidated. The invalidation required by law is not the actual destruction of the paper on which the note is drafted. What is required for the purpose of the registry is that the instrument should show upon its face that the same has been totally or partially paid, as the case might be, and that the mortgage has been canceled by reason of the adjudication of the estate to the mortgagee. And if the adjudication to the mortgagee has been made for a lesser sum than the amount of the note, the mortgagee may, after the cancellation of the mortgage securing the same, avail himself of the instrument as evidence for obtaining a judgment for the unpaid balance. What matters is that the instrument should not be left in circulation as a mortgage note to be used for defrauding another.

The decision appealed from must be affirmed.